IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:25-cr-00045 |
| | ) | |
| JOSE GUADALUPE VAZAQUEZ-DELGADO | ) | Judge Holmes |

**UNITED STATES' MOTION FOR
DETENTION HEARING AND PRETRIAL DETENTION**

The United States of America, by and through its attorney, the United States Attorney for the Middle District of Tennessee, respectfully files this memorandum in support of pre-trial detention. The United States anticipates advising the Court at the Defendant Jose Guadalupe Vazquez-Delgado's initial appearance in the Middle District of Tennessee, that it intends to request that he be held in pretrial custody because he constitutes a danger to the community, pursuant to Title 18, United States Code, Section 3142(f)(1)(E), and there is a serious risk of flight, pursuant to Title 18, United States Code, Section 3142(f)(2)(A). The government seeks the defendant's continued detention pending trial in this matter on both grounds.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

The defendant was born in Mexico and is a citizen of Mexico. Prior to May 22, 2008, he unlawfully entered the United States. Immigration officials detained and deported him to Mexico. The defendant reentered the United States. Law enforcement arrested him and proceeded to deport him again to Mexico on or about October 17, 2011. After this deportation, the defendant unlawfully returned to the United States without prior approval or permission from an immigration official.

On February 26, 2023, the defendant was in Antioch, Tennessee, heavily drinking alcohol at the victim's residence. As they were drinking, the defendant began arguing with the victim in the residence. The defendant, the victim, and the victim's seven-year-old daughter went outside of

1

the residence, but the argument continued.

Moments later, the defendant shot the victim numerous times with a 9mm handgun. The defendant ran away from the scene, but left his truck, his Mexican Passport, and 14 9mm shell casings. Upon hearing the gunshots, the victim's paramour ran outside and called the police. The police and ambulance arrived, and the ambulance transported the victim to the hospital where he received life-saving emergency surgery.

On March 5, 2025, a panel of the federal Grand Jury returned a two-count Indictment that charged the defendant with: (1) unlawfully possessing ammunition as an illegal alien; and (2) unlawfully reentering the United States after a prior deportation. On March 5, 2025, the Court issued a warrant for the defendant's arrest. On March 11, 2025, law enforcement officers arrested the defendant.

## II. LEGAL PRINCIPLES GOVERNING REQUESTS FOR DETENTION

A defendant may be detained pending trial if the Court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). In determining whether there are conditions of release that will reasonably assure the defendant's appearance and the safety of the community, the Court shall consider: (1) the nature and circumstances of the offense charged, including whether, for example, the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence of dangerousness against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

A judicial officer's finding of dangerousness must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f)(2)(b); *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010).

When "risk of flight" is the basis for detention, however, the government must only satisfy a preponderance of the evidence standard. *United States v. Xulam*, 84 F.3d 441, 442 (D.C. Cir. 1996); *United States v. Chimurenga*, 760 F.2d 400, 405-06 (2d Cir. 1985); *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985); *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985); *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

### III. THIS COURT SHOULD DETAIN THE DEFENDANT AS A DANGER TO THE COMMUNITY AND AS A SERIOUS FLIGHT RISK

There is clear and convincing evidence that establishes that the defendant should be detained pending trial to ensure the safety of the community. There is also a preponderance of evidence that the defendant poses a serious risk of flight.

The defendant is unlawfully in the United States and subject to deportation. His status as an illegal alien makes it unlikely that he will appear for future court proceedings if ordered release. Furthermore, the defendant has repeatedly evaded detection at the United States border. For example, he evaded inspection prior to May 2008 when he entered the United States. He was later arrested in the United States and deported only to return undetected to the United States. When immigration officials located the defendant in the United States in 2011, they deported him to Mexico again. Undeterred by his prior deportations, the defendant demonstrated his ability to evade law enforcement at the U.S. border and reentered the United States prior to the offenses in this case. The defendant now faces up to 15 years' imprisonment in this case. As a result, there is a preponderance of the evidence that he poses a serious risk of flight.

In addition to the risk of flight, the defendant poses a danger to the community. As noted above, the defendant engaged in an argument with the victim. Moments later, the defendant shot the victim numerous times in front of the victim's seven-year-old daughter. The victim had to receive life-saving emergent surgery to survive. The defendant fled the scene and did not report

3

this incident to law enforcement. His disregard for human life and the attempted murder of the victim establishes clear and convincing evidence that the defendant is a danger to the community and should be detained pending trial to ensure the safety of the community.

## CONCLUSION

For the foregoing reasons, as well as any reasons which may be set forth at a hearing on this motion, the government respectfully submits that there exists no condition or combination of conditions which would assure the safety of any person or the community, or which would ensure the defendant's appearance at his court hearings. Accordingly, the government requests that the Court order the defendant detained pending trial.

Respectfully submitted,

ROBERT E. McGUIRE
Acting United States Attorney

By: */s/ Ahmed A. Safeeullah*
Ahmed A. Safeeullah
Assistant United States Attorney
719 Church Street, Suite 3300
Nashville, Tennessee 37203
Telephone: 615-736-5151

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2025, a true and exact copy of the foregoing document was emailed to counsel for the defendant.

*/s/ Ahmed A. Safeeullah*
Ahmed A. Safeeullah
Assistant United States Attorney